# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY REAVES, : | CIVIL ACTION NO. 1:09-CV-2549 |
| Plaintiff : | |
| : | (Chief Judge Conner) |
| v. : | |
| : | |
| PENNSYLVANIA STATE POLICE : | |
| Defendant : | |

## MEMORANDUM

Presently before the court is defendant Pennsylvania State Police's ("PSP") motion *in limine* to preclude impeachment of a witness based upon prior statements made by the witness' attorney (Doc. 56). For the reasons that follow, the court will deny the motion.

## I. Background

This case arises out of PSP's termination of plaintiff Tony Reaves ("Reaves"). Reaves is an African-American. Reaves alleges that during his probationary period with PSP and prior to his termination, he contacted the PSP Equal Employment Opportunity ("EEO") office and Lieutenant Shelton Sneed ("Lt. Sneed") about his perceived differential treatment. Sometime in September 2007, Reaves purportedly sent a complaint letter to Lt. Sneed outlining a number of issues and concerns regarding his perceived differential treatment. Reaves was officially terminated on October 4, 2007.

Reaves filed the instant suit on December 28, 2009, alleging violations of Title VII of the Civil Rights Act of 1964. (Doc. 1). PSP filed a motion for summary judgment on February 28, 2011. (Doc. 19). Upon consideration of the Report and

Recommendation of Magistrate Judge Methvin (Doc. 39), the court granted PSP's motion for summary judgment on the Title VII discrimination claim. The court denied the motion for summary judgment on the retaliation claim.[1] In anticipation of trial, PSP filed the instant Motion *in Limine* to preclude the use of statements made by PSP's attorney, Tara Patterson ("Attorney Patterson"), for impeachment during the cross-examination of PSP's witness, Martin L. Henry, III ("Henry"). (Doc. 56). The documents that PSP seeks to preclude include answers to interrogatories and a position statement submitted to the Equal Employment Opportunity Commission ("EEOC") (collectively, "the Evidence").

PSP argues that the use of Attorney Patterson's statements for impeachment purposes is improper under Federal Rule of Evidence 613. Specifically, PSP argues that because the statements of Attorney Patterson are not previous statements made by the witness, they cannot be introduced pursuant to Rule 613. Reaves argues that PSP's submissions are relevant and admissible at trial to establish a *prima facie* case, disputed facts, and pretext. Reaves also maintains that Rule 613 does not apply to party admissions such as those contained in the Evidence. The motion is fully briefed and ripe for disposition.

---

[1] The parties are currently briefing PSP's motion (Doc. 74) for reconsideration, which only concerns the causation element of the retaliation claim. (See Doc. 75).

## II. Discussion

The parties' dispute arises out of the fundamental misconception that Rule 613 may be used as a sword to prevent the use of certain evidence when it is intended to be used as a shield to assist with the use of certain evidence. Specifically, PSP argues that "Rule 613 does not permit impeachment [with Attorney Patterson's statements] . . . . [because] Rule 613 specifically requires that the prior inconsistent statement be made by the witness currently under examination, not the witness' attorney." (Doc. 57 at 4) (citing United States v. Cuevas Pimentel, 815 F. Supp. 81, 84 (D. Conn. 1993)).

To the contrary, Rule 613 does not prohibit the impeachment of Henry with Attorney Patterson's statements, it just does not expressly permit it. Rule 613 allows an attorney to impeach a witness with the witness's prior statement and sets forth specific procedural requirements for that type of impeachment. PSP is correct that Rule 613 does not contemplate that a statement made by a witness's attorney qualifies as the witness's prior statement under the Rule.[2] However, Rule 613 also does not directly prohibit the impeachment of a witness with admissible

---

[2] Regardless, it is unclear as to whether Attorney Patterson may even be considered Henry's attorney. PSP characterizes Attorney Patterson as Henry's attorney, (Doc. 57 at 4), but Reaves states that PSP designated Henry to testify as a fact witness *and* on behalf of PSP. (Doc. 58 at 5).

3

extrinsic evidence that contradicts that witness' testimony.[3] Instead, this method of impeachment is often referred to as impeachment by contradiction and is condoned by other Rules of Evidence. See United States v. Gilmore, 553 F.3d 266, 271 (3d Cir. 2009) ("Rule 607 of the Federal Rules of Evidence authorizes impeachment by contradiction, and Rule 403 governs its application.").

In the case *sub judice*, the Evidence is admissible as substantive evidence and for impeachment by contradiction, provided it is introduced under a witness with the appropriate personal knowledge as to its contents. A plaintiff making a Title VII retaliation claim must initially show that: (1) he engaged in a protected activity under Title VII; (2) the employer took an adverse employment action against him; and (3) there was a causal connection between his participation in the protected activity and the adverse employment action. Moore v. City of Philadelphia, 461 F.3d 331, 341-42 (3d Cir. 2006). Whether Reaves engaged in a protected activity is central

---

[3] Under common law, the use of extrinsic evidence for purposes of impeachment was typically prohibited. U.S. v. McNeill, 887 F.2d 448, 453 (3d Cir. 1989) ("Extrinsic evidence is evidence offered through other witnesses rather than through cross-examination of the witness himself or herself."); Carter v. Hewitt, 617 F.2d 961, 969-70 (3d Cir. 1980) ("[I]f refutation of the witness's denial [of the acts charged] were permitted through extrinsic evidence, these collateral matters would assume a prominence at trial out of proportion to their significance."). However, where the matter inquired into is non-collateral, extrinsic evidence may be used to dispute the witness's testimony. United States v. Hively, 547 F. Supp. 318, 320 (M.D. Pa. 1982). A matter is non-collateral when it is relevant to the merits of the case. See Hively, 547 F. Supp. at 320. The common law collateral fact rule is not directly memorialized in the Federal Rules of Evidence. See KENNETH S. BROUN ET AL., MCCORMICK ON EVIDENCE § 49 (7th ed. 2013). Instead, the court must employ a discretionary approach pursuant to Rule 403 to determine if the probative value of the contradictory extrinsic evidence is substantially outweighed by the danger of unfair prejudice. Morgan v. Covington Twp., 648 F.3d 172, 179 (3d Cir. 2011).

to establishing a *prima facie* case under Title VII.  Attorney Patterson's statements are relevant as substantive evidence to establish that Reaves complained of differential treatment, an activity protected by Title VII.  Similarly, for purposes of impeachment, Reaves can utilize the Evidence to contradict Henry's testimony that Reaves never filed a complaint regarding differential treatment.  For both impeachment purposes and as substantive evidence, the Evidence is highly probative of and material to a central element of Reaves' claim.  It is not substantially outweighed by the danger of unfair prejudice under Rule 403.

Moreover, the statements are not hearsay under Rule 801(d)(2) because they are party admissions.  Party admissions are statements made by the party against whom the statements are offered or by a person speaking on behalf of that party.  See FED. R. EVID. 801 advisory committee's note.  Admissions by attorneys are admissible as party admissions against their clients only when their statements directly relate to the management of the litigation.  Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153 (3d Cir. 1993).  The instant statements of Attorney Patterson constitute party admissions of PSP related to Reaves' case because she made them in her role as an advocate for PSP.  See Purgess v. Sharrock, 33 F.3d 134, 144 (2d Cir. 1994) (deciding that counsel's statement of fact in legal brief, subject to penalty of sanctions, constituted party admission); Olitsky v. Spencer Gifts, Inc., 964 F.2d 1471, 1476-77 (5th Cir. 1992) (holding that a party's position statement to the EEOC was admissible as evidence); Palmer v. Nassan, Civ. A. No. 10-922, 2011WL 286127 (W.D. Pa. Jan. 26, 2011) (determining that the contents of e-mail from Defendant's

5

attorney regarding subject of litigation constituted a party admission under Rule 801(d)(2)).  Thus, the Evidence is potentially admissible both as substantive evidence and for purposes of impeachment by contradiction.

**III.    Conclusion**

For the foregoing reasons, the court will deny the motion.  An appropriate order follows.

       /S/ CHRISTOPHER C. CONNER
      CHRISTOPHER C. CONNER
      Chief Judge, Middle District of Pennsylvania

Dated:        September 26, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TONY REAVES**, | : CIVIL ACTION NO. 1:09-CV-2549 |
| Plaintiff | : |
| | : **(Chief Judge Conner)** |
| v. | : |
| | : |
| **PENNSYLVANIA STATE POLICE** | : |
| Defendant | : |

## **ORDER**

AND NOW, this 26th day of September, 2013, upon consideration of Defendant's motion *in limine* (Doc. 56), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that Defendant's motion *in limine* (Doc. 56) is DENIED.

    /S/ CHRISTOPHER C. CONNER
CHRISTOPHER C. CONNER
Chief Judge, Middle District of Pennsylvania